UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TERRY ZANE,<br><br>　　　　　Defendants. | Case No.: 1:08-cr-00369 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 34) |

Terry Zane moves the Court for an order terminating his supervised release early. He has been under supervision for approximately about eight-and-a-half years. Though his probation officer supports the request, the government opposes it. For the reasons set forth below, the motion is **DENIED**.

**I. Background**

Mr. Zane's case arose when he took his computer for repairs and the technician discovered child pornography on the hard disk. (Doc. 41 at 7) Forensic examination yielded 2,500 images of child pornography and at least 33 identified victims. *Id*. at 8, 10. Many of the victims were under the age of 12, many were prepubescent, and many were vulnerable victims because they were very young and/or small. *Id*. at 12. Many of the images depicted acts of violence upon these children. *Id*. at 11. Also found on the computer were "text descriptions or stories of children involved in sexual acts or being molested." *Id*. at 21.

1

When interviewed by police, Mr. Zane denied knowledge of how the images came to be on his computer. (Doc. 41 at 9-10) He claimed that the images were downloaded to his computer without his knowledge and suggested this occurred through computer "pop-ups." *Id*. However, Mr. Zane plead guilty to possession of material involving the sexual exploitation of minors. According to the plea agreement, the government moved to dismiss the charge related to receiving and distributing material involving the sexual exploitation of minors (Doc. 10 at 7), and the Court granted that motion.

When he was interviewed by the probation officer for the preparation of the presentence report, Mr. Zane admitted his guilt and stated, "'I am 100% responsible for what I did.' The defendant expressed a great deal of remorse and regret for his actions, and indicated he loved children, and would never think of harming a child. The defendant stated, "I have absolutely no sexual attraction to children, and I did this out of curiosity." (Doc. 41 at 10) In a written statement to the Court, Mr. Zane stated, "he has lost so much because of his actions, and that the 'cost of curiosity is high, and in hindsight, I can say not worth it.'" *Id*. at 11. The probation officer concluded that Mr. Zane, "has very poor insight as to why he committed this crime . . ." *Id*. at 22. The probation officer continued, "It is hopeful that in the therapeutic process, the defendant will gain insight as to why he actually committed this crime." *Id*. at 24. Despite recommending a below guideline term, the probation officer indicated, "Based on the serious nature of the offense, it is believed that a 10-year term of supervised release is necessary to monitor the defendant's activities upon his release from imprisonment." *Id*. at 24.

The Court sentenced him to 78 months in custody and 120 months of supervised release thereafter. (Doc. 25 at 1, 3) After serving the prison term, Mr. Zane began supervision on August 28, 2014. (Doc. 27 at 1) Mr. Zane has fully complied with all terms of his supervised release.[1]

---

[1] In 2021, the Court modified the condition of supervision to require Mr. Zane to submit to polygraph testing, because this condition was omitted inadvertently originally. *Id*. at 1-2. This modification was not based upon any misstep by Mr. Zane.





[redacted]

[redacted]

Notably, at the time of his arrest, he also denied having any sexualized feelings for children, stating, "I have absolutely no sexual attraction to children, and I did this out of curiosity." (Doc. 41 at 10)

At the time of his sentencing, he described his situation: "cost of curiosity is high, and in hindsight I, can say not worth it." He has never explained exactly what he was "curious" about or why his curiosity lasted until he was forced to stop looking at child pornography due to his arrest three years later. Moreover, Mr. Zane stated to the probation officer in 2009 that it was curiosity that caused him to commit, and it was this statement, in part, that caused the probation officer to believe that Mr. Zane lacked insight into the causes for his crime.

---

[2] He clarified that he has never had sexual fantasies about males of any age and that though pornographic images involving boys were found on his computer, those images "'popped up'" incidentally to the other CP he was watching." *Id*. at 8.

4

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes, first, that the underlying offense was quite serious and dangerous to the most vulnerable of society.

Second, the Court still has no sense as to why Mr. Zane committed his acts. ██████████████████████████████████████████████████████████████████████████████████████████ Though he has had a significant amount of therapy, he continues to fail to explain what has changed in him or his circumstances from the time when he committed his crime.[3]

Also, Mr. Zane is a father to two daughters.[4] He had two grandchildren and had been a teacher for 17 years by the time of his arrest. Aside from the sensitivity and training that being a parent provides, as a teacher, he would have been required to be trained as a mandated reporter of child abuse—including child sexual abuse—and would had to have been cognizant of the damage caused to children who suffer abuse. He is an educated man who had to have understood that when he looked at photos and videos of children suffering abuse and acts of sexual violence, he was looking at real children—some as young as toddlers—who were suffering real terror, pain and abuse. Thus, the continued explanation—despite the passage of 15 years since the offense—of merely being curious strikes the Court as a lack of insight, just as the probation officer expressed when drafting the presentence report in 2009.

That being said, the Court, through Mr. Zane's probation officer, ██████████████████████████████████████████████████████████████████████████████████

---

[3] The Court has a difficult time accepting that Mr. Zane did not know that the sexual violence he watched caused no harm to the child-victims. He knew he was looking at real children suffering real abuse and violence.

[4] Mr. Zane and his wife became the guardian of a teenaged girl—who is now an adult--whom they consider to be their "third daughter." (Doc. 37 at 5)

1  ███████████████████████████████████ While this is an important opinion, the
2  Court does not know upon what facts this opinion is based. ████████████████████
3  ████████████████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████████████
6  ████████████████████████████████ Thus, the counselor's opinion is not enough to
7  make the Court confident that the public is adequately protect if supervision is withdrawn.
8      Third, ████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████████████████
28      It gives the Court no pleasure to point out these concerns. The Court is also concerned that

this order may be discouraging to Mr. Zane or he may feel disparaged by it. That is not the Court's intention. The Court appreciates that there is no evidence Mr. Zane has re-offended, and the Court has received positive reports from his probation officer. He should be proud of what he has done thus far and proud of the fact that despite finding himself in one of the lowest points of his life, he accepted his punishment and has tried to atone. However, unfortunately, the Court has too many questions that have not been addressed by his moving papers. The current evidence is insufficient to show that the public would be adequately protected or that the interests of justice warrant the relief sought here. Thus, after considering all of the § 3553(1) and § 3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 27, 2023**

UNITED STATES DISTRICT JUDGE